Ira F. TORAIN, Petitioner,

v.

**UNITED STATES POSTAL SERVICE,**
Respondent.

No. 95–3805.

United States Court of Appeals,
Federal Circuit.

May 16, 1996.

Ira F. Torain, New York City, pro se.

Donald E. Kinner, David M. Cohen, Director, and Jeanne Davidson, Assistant Director, Commercial Litigation Branch, Department of Justice, Washington, D.C., submitted, for respondent. Of counsel was Brian M. Reimer, United States Postal Service, Appellate Division, Washington, D.C.

Before ARCHER, Chief Judge, and RICH, and MAYER, Circuit Judges.

ARCHER, Chief Judge.

Ira F. Torain (Torain) petitions for judicial review of the decision of the Merit Systems Protection Board (MSPB or board), dismissing his appeal for lack of jurisdiction. The

board held that Torain voluntarily accepted the United States Postal Service's (USPS or agency) offer to him of a cash incentive for vacating his supervisory position and returning to a craft position. The board concluded that it lacked jurisdiction because he was not demoted and was not subject to an appealable reduction-in-force. *Torain v. United States Postal Serv.*, 68 M.S.P.R. 479 (1995). We affirm.

## BACKGROUND

In 1992, Torain served as a Superintendent Engineer for the USPS in New York City at a grade of Executive and Administrative Schedule (EAS) Level 11 with an annual salary of $36,964. In 1992 and 1993, the USPS conducted a nationwide restructuring to eliminate approximately 48,000 managerial positions, including Torain's supervisory position. During this period Torain was notified that although he might be required to accept an assignment at a new geographic location, he was not in danger of being laid off or receiving a reduction in pay or grade.

In early 1993, the USPS announced that supervisors affected by the restructuring but not yet reassigned were eligible to participate in an incentive program under which they could receive cash payments for accepting bargaining unit (craft) positions in lieu of reassignment. The announcement stated that employees had to request participation in the incentive program by May 17, 1993 and then had until June 30, 1993 to complete the formal acceptance procedures. Under this "return-to-craft" program participating employees would receive cash payments of two times the difference between their current annual base pay and the current annual base pay of the craft position that they were offered under the program. On June 21, 1993, Torain requested participation in the return-to-craft program. In response, Torain received an "Offer of Assignment to Craft Position," for the position of Laborer Custodian at a grade of Postal Service (PS) Level 3 with an annual salary of $33,603, plus an incentive payment of $8,726. Torain accepted this offer on June 22, 1993.

Following Torain's reassignment to the craft position, the MSPB issued several decisions which held for certain employees the 1992–93 restructuring resulted in an appealable RIF action. *See Di Pietro v. United States Postal Serv.*, 58 M.S.P.R. 430 (1993); *Brown v. United States Postal Serv.*, 58 M.S.P.R. 345 (1993). These USPS employees were told that under the restructuring they would *not* be reassigned to positions at the same competitive level, but that they would be placed in positions with the same pay and grade. The MSPB held that the assignment of these employees from their competitive levels to lower level positions resulted in a constructive demotion. Because these preference-eligible employees were demoted pursuant to a reorganization, the board found that it had jurisdiction to hear the challenged actions under the reductions-in-force (RIF) regulations. *See also Robinson v. United States Postal Serv.*, 63 M.S.P.R. 307 (1994) (elaborating on the basis for the decisions in *Di Pietro* and *Brown*); *White v. United States Postal Serv.*, 63 M.S.P.R. 299 (1994) (same).

Following these decisions, Torain filed an appeal with the MSPB alleging that he had been constructively demoted. Torain asserted that he requested and accepted the craft position only because of the threat that he would be involuntary reassigned to another geographic location. He argued that this amounted to a constructive demotion. Torain also argued that his decision to accept the offer to return to craft was involuntary because of the prospect of being reassigned to a different geographic area.

In the initial decision, the administrative judge (AJ) agreed that the USPS had demoted Torain and that the action was appealable under the RIF regulations. On review by the full board, however, the initial decision was vacated and the appeal dismissed for lack of jurisdiction. The board distinguished the *Di Pietro* and *Brown* cases on the ground that the USPS never informed Torain that he would not be retained at the same competitive level. The board also emphasized that Torain volunteered to participate in the return-to-craft incentive program before the USPS had taken any action regarding his reassignment. Accordingly, the board rejected Torain's argument that his

decision to accept the craft position was involuntary.

## DISCUSSION

■ The jurisdiction of the MSPB is limited to agency actions for which the right to appeal is specifically granted by law, rule, or regulation. 5 U.S.C. § 7701(a) (1994); *Saunders v. Merit Sys. Protection Bd.*, 757 F.2d 1288, 1290 (Fed.Cir.1985). The burden of establishing jurisdiction at the MSPB lies with the petitioner. *Maddox v. Merit Sys. Protection Bd.*, 759 F.2d 9, 10 (Fed.Cir.1985). We review the board's jurisdictional conclusion de novo. *King v. Reid*, 59 F.3d 1215, 1217 (Fed.Cir.1995). In other respects, including the board's underlying factual findings, we review the decision under the statutory standard to determine if it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; procedurally defective; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994); *Cheeseman v. Office of Personnel Management*, 791 F.2d 138, 140 (Fed.Cir.1986), *cert. denied*, 479 U.S. 1037, 107 S.Ct. 891, 93 L.Ed.2d 844 (1987).

■ As a preference-eligible employee of the USPS, Torain asserted that the MSPB had jurisdiction based on his alleged constructive demotion. *See* 5 U.S.C. § 2108(3) (1994) (defining preference-eligible employee). A preference-eligible employee of the USPS who has been demoted by a reduction-in-force is entitled to appeal that decision to the MSPB. 5 U.S.C. § 3501(b) (1994); 39 U.S.C. § 1005(a)(2) (1994); 5 C.F.R. § 351.901 (1995). A demotion generally includes any change of employment status that results in a lower grade or that results in assignment to a position with a lower rate of pay. *See* 5 C.F.R. § 210.102(b)(4) (1995) (defining "demotion" as "a change of an employee, while serving continuously within the same agency ... (i) [t]o a lower grade ...; or (ii) [t]o a position with a lower rate of pay when both the old and the new positions ... are in different pay method categories"). In this appeal Torain presents the same jurisdictional argument he made before the board. He contends that his assignment to a lower level position represented a constructive demotion and that his decision to participate in the return-to-craft program was involuntary.

In *Krizman v. Merit Systems Protection Board*, 77 F.3d 434 (Fed.Cir.1996), this court recently considered whether a preference-eligible employee affected by the USPS restructuring voluntarily agreed to participate in the agency's special early retirement incentive program. After the issuance of the *Di Pietro* and *Brown* decisions, the employee in *Krizman* appealed to the MSPB alleging a constructive demotion. The employee claimed that he would not have retired had he known that the restructuring constituted a RIF and that his choice to retire was thus involuntary. The MSPB dismissed the appeal for lack of jurisdiction and this court affirmed. We held that the employee never suffered an appealable RIF action because he voluntarily chose to retire, explaining:

> Although [the employee] was a preference-eligible employee, the Postal Service had no obligation to advise him of his RIF rights, because he was never subjected to an·appealable RIF action—that is, he was never demoted, furloughed, or separated as a result of the restructuring. *Because he was not "selected for release from a competitive level," he was not entitled to notice of information regarding his status, and he was not entitled to notice of his appeal rights.*

*Id.* at 438 (citations omitted) (emphasis added); *accord Mueller v. United States Postal Serv.*, 76 F.3d 1198, 1201 (Fed.Cir.1996) ("An agency has no obligation under the RIF regulations or otherwise, to give an employee notice of the right to appeal a RIF action to the Board if a RIF action has not been taken against that employee.").

We consider *Krizman* and *Mueller* binding precedent. The only difference between those cases and this appeal is that those employees voluntarily took advantage of the retirement incentive program whereas here Torain voluntarily accepted the offer under the return-to-craft incentive program. In each situation the employee's decision to accept the incentive program offer occurred prior to any agency action. The board held that Torain made a voluntary decision re-

garding the return-to-craft program because at the time Torain decided to accept the incentive the USPS had not indicated that he would be subject to an appealable action. *See Cooley v. United States Postal Serv.*, 68 M.S.P.R. 353 (1995). The board explained: "[Torain] was not subject to a RIF action because, although the agency abolished the appellant's supervisory position, at the time he accepted the agency's return-to-craft offer, the agency had not informed him that he had not been selected for assignment to a position at his former grade level, or that he would not be retained in another EAS position." [A.04.] The board further stated that Torain simply had to make a difficult decision, either to await a reassignment at a new geographic location or participate in the return-to-craft incentive program. We agree with the board's reasoning that he voluntarily chose the latter.

■ *Krizman* and *Mueller* explain that where an employee requests and agrees to accept early retirement under the special incentive program before any appealable action has been taken by the agency no appeal rights accrue. Here, the USPS had not indicated to Torain that he would be placed in any position other than one at his former grade level. Thus the board correctly determined that the agency did not breach any obligation to notify Torain of RIF rights because he neither received notice of reassignment to a lower level position nor was he released from the agency prior to accepting the return-to-craft offer. Under the circumstances, Torain might have been reassigned at a grade level that would not require any RIF notification. As in *Krizman* and *Mueller*, Torain simply accepted an alternative employment option in lieu of waiting for eventual reassignment. Torain had a choice, and the board properly held that he was bound by that decision. *See Latham v. United States Postal Serv.*, 909 F.2d 500, 502 (Fed.Cir.1990) (where an employee makes a voluntary choice regarding employment rights, the party is bound by that decision); *but see Schultz v. United States*, 810 F.2d 1133, 1136 (Fed.Cir.1987) (if the agency's terms of an employment decision permit no alternative but to accept, such circumstances are not voluntary).

Torain also argues his acceptance of the craft position was involuntary because it was based on erroneous or misleading RIF information. *See Covington v. Department of Health & Human Servs.*, 750 F.2d 937, 942 (Fed.Cir.1984) (an action taken by an employee may be "involuntary if it is obtained by agency misinformation or deception"). As we have explained, however, Torain was not entitled to notification of RIF rights.

Accordingly, because Torain voluntarily accepted the craft position prior to agency action, neither a demotion nor an appealable RIF action occurred. *Roche v. United States Postal* Serv., 80 F.3d 468, 479–471 (Fed.Cir. 1996).

## CONCLUSION

The board correctly determined that Torain voluntarily participated in a return-to-craft incentive program. These findings are supported by substantial evidence. The decision of the board that it lacked jurisdiction is affirmed.