**Peter L. GREENFIELD, Petitioner,**

v.

**DEPARTMENT OF THE TREASURY,
Respondent.**

No. 01–3139.

United States Court of Appeals,
Federal Circuit.

June 8, 2001.

Before CLEVENGER, SCHALL, and
BRYSON, Circuit Judges.

PER CURIAM.

Peter L. Greenfield seeks review of the final decision of the Merit Systems Protection Board ("Board") dismissing his appeal for lack of jurisdiction. *Greenfield v. Dep't of the Treasury,* 87 M.S.P.R. 529 (2000). We *affirm.*

I

In 1996, the Internal Revenue Service ("agency") was planning a reduction in force ("RIF") that could have had potential impact on Mr. Greenfield's GS–14 job. In-deed, on June 27, 1997, the agency gave Mr. Greenfield a Certificate of Expected Separation. Thus, the agency's planned RIF would have eliminated Mr. Green-field's job. To avoid that unfavorable consequence, Mr. Greenfield accepted a lower grade (GS–13) position in September 1997. Many others in the agency who also might have been affected by the RIF-in-planning also opted for alternatives that avoided the risk of separation. Such alternatives included buyouts, early outs, and continuing positions at lower grades. In fact, enough employees took advantage of such alternatives that it became unnecessary for the agency to institute a RIF. Voluntary actions taken by agency employees sufficiently reduced the agency workforce that a formal RIF was unnecessary.

II

Mr. Greenfield appealed to the Board, arguing that his placement in the GS–13 position was an involuntary demotion. He argued that the agency's proposed RIF, which never materialized, was a ruse to get him to take a downgraded position.

A hearing was held to adjudicate Mr. Greenfield's contentions. The Administrative Judge found, as a matter of fact, that the agency was engaged in good faith planning for the RIF when Mr. Greenfield, in his words, "blinked." That is, Mr. Green-field was unwilling to take the risk that the RIF might not occur, or, that if it did, his job might not be adversely affected. Instead, he voluntarily opted for the safe course, namely, installation in the GS–13 position. The Administrative Judge rejected Mr. Greenfield's allegation that he had been coerced into taking the lesser position by misinformation (*i.e.,* that the agency knew it would not effect the RIF). Citing well-settled Board precedent, the Administrative Judge held that Mr. Green-field volunteered for the GS–13 job, and

could not complain that he is the victim of an involuntary demotion. Given the fact (as found) that his "demotion" was voluntary, the Administrative Judge dismissed the appeal for want of jurisdiction. A voluntary demotion is not an adverse action; the Board only has jurisdiction over adverse actions. 5 C.F.R. §§ 1201.3(a)(1) and 752.401(b)(9); *Torain v. U.S. Postal Serv.*, 83 F.3d 1420, 1422–23 (Fed.Cir.1996).

Mr. Greenfield's appeal to the full Board was denied. Mr. Greenfield timely sought review of the Board's final decision in this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (1994).

### III

We must affirm the Board's decision when it is, as here, based on fact-findings for which there is substantial supporting evidence in the record, and where, as here, no error in law has been committed. 5 U.S.C. § 7703(c) (1994); *Cheeseman v. Office of Pers. Mgmt.*, 791 F.2d 138, 140 (Fed.Cir.1986). We have reviewed the record and the careful, well-articulated opinion of the Administrative Judge. Substantial evidence supports the fact-finding that Mr. Greenfield "blinked" voluntarily, opting for the safe course of the GS–13 position, and that at the time he so opted, the agency in good faith thought that a RIF would be necessary, adversely impacting Mr. Greenfield's old GS–14 position. Voluntary choice of the safe course does not, in the eye of the law, amount to an involuntary demotion. *Torain*, 83 F.3d at 1422–23. The final decision of the Board is correct, and we affirm it.