NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3319

ALAN J. CARELL,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

———————————

DECIDED: March 17, 2005

———————————

Before NEWMAN, SCHALL, and DYK, Circuit Judges.

Opinion for the court filed PER CURIAM. Dissenting opinion filed by Circuit Judge NEWMAN.

PER CURIAM.

DECISION

Alan J. Carell petitions for review of the final decision of the Merit Systems

Protection Board ("Board") that dismissed for lack of jurisdiction his appeal of the

decision of the Oregon Military Department ("agency")[1] not to change his civilian

---

[1] Mr. Carell states, and the Board does not dispute, that the Department of the Army delegated authority to the Oregon Military Department to act as his employer.

personnel records. <u>Carell v. Military Dep't, State of Or.</u>, No. SE-0752-03-0308-I-1 (M.S.P.B. Mar. 30, 2004) ("<u>Final Decision</u>"). We <u>affirm</u>.

DISCUSSION

I.

Mr. Carell's petition arises out of his efforts to obtain benefits under the Civil Service Retirement System ("CSRS"). Mr. Carell was formerly employed as a civilian technician with the Oregon Army National Guard ("National Guard"). A condition of his employment required that he also maintain his military position with the National Guard. Mr. Carell became in violation of this condition on June 1, 1987, when he was separated from his military position. As a result, Mr. Carell was terminated from his civilian position shortly thereafter.

Almost fifteen years later, on January 31, 2002, the Army Board for Correction of Military Records recommended that the Department of the Army correct Mr. Carell's records by "voiding the 1 June 1987 separation . . . from the Army National Guard." On February 22, 2002, the Army approved the recommendation and ordered the Army National Guard to correct "all of the Department of the Army records of [Mr. Carell]."

Mr. Carell subsequently filed an application with the Office of Personnel Management ("OPM") for disability retirement under the CSRS. However, that request was denied as untimely filed in view of Mr. Carell's 1987 separation date from his position as a civilian technician with the National Guard. Apparently, although the June 1, 1987 separation was removed from Mr. Carell's Army records, a corresponding correction was not made in Mr. Carell's agency personnel records.

04-3319                                    2

This led Mr. Carell to file an appeal with the Board's Western Regional Office. His submission actually contained two appeals, which were docketed separately. The first appeal concerned the agency's refusal to correct Mr. Carell's civilian personnel record to reflect the voiding of the June 1, 1987 separation. Carell v. Military Dep't, State of Or., No. SE-0752-03-0308-I-1, slip op. at 2-3 (M.S.P.B. July 17, 2003) ("Initial Decision A"). The second appeal challenged the reconsideration decision of OPM that Mr. Carell's application for disability retirement under the CSRS was untimely filed. Carell v. Office of Pers. Mgmt., No. SE-831E-03-0306-I-1 (M.S.P.B. July 17, 2003) ("Initial Decision B").

The two appeals were assigned to the same administrative judge ("AJ"), and on July 17, 2003, the AJ dismissed both of them for lack of jurisdiction. In Mr. Carell's appeal of the agency's refusal to correct his personnel records, the AJ concluded that no "law, rule or regulation grants the Board jurisdiction to consider an appeal of an agency's denial of a request to correct records of this kind." Initial Decision A, slip op. at 4. The AJ did note, however, that granting Mr. Carell his requested relief would also require reversing the OPM's decision on timeliness at issue in the other appeal. Id. slip op. at 2. In his appeal of OPM's decision on timeliness, the AJ found that OPM had rescinded its reconsideration decision from which Mr. Carell appealed. The AJ therefore held that the Board lacked jurisdiction over the appeal because OPM had not issued a final decision. Initial Decision B, slip op. at 4.

On December 9, 2003, OPM issued a new reconsideration decision on Mr. Carell's application for disability retirement under the CSRS. Once again, OPM denied his application as untimely filed in view of his 1987 separation date from his position as

a civilian technician with the National Guard. Mr. Carell then appealed OPM's reconsideration decision to the Board. Carell v. Office of Pers. Mgmt., No. SF-831E-04-0174-I-1 (M.S.P.B. April 12, 2004) ("Initial Decision C"). In the meantime, on March 30, 2004, the AJ's initial decision dismissing Mr. Carell's request for the agency to correct his civilian personnel records became the final decision of the Board. Final Decision. Shortly thereafter, in his appeal of the OPM decision, Mr. Carell requested that the AJ dismiss his appeal without prejudice. Mr. Carell stated that he had communicated with both the Secretary of the Army and the National Guard and that both had stated that the matter of his civilian-separation was under consideration. Initial Decision C, slip op. at 2. The AJ granted Mr. Carell's request and dismissed the case without prejudice. Id. slip op. at 3.

Mr. Carell timely appealed the Board's March 30, 2004 final decision to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

II.

Our scope of review of an appeal from a decision of the Board is limited to whether the Board's decision is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); Kewley v. Dep't of Health & Human Servs., 253 F.3d 1357, 1361 (Fed. Cir. 1998). Whether the Board has jurisdiction over an appeal is a question of law, which we review de novo. Hayes v. U.S. Postal Serv., 390 F.3d 1373, 1376 (Fed. Cir. 2004).

The burden of establishing jurisdiction is placed by regulation on the appellant. 5 C.F.R. § 1201.56(a)(2)(i); McCormick v. Dep't of the Air Force, 307 F.3d 1339, 1340 (Fed. Cir. 2002). In order to satisfy this burden, the appellant must make a non-frivolous allegation of a claim "for which the right to appeal is specifically granted by law, rule, or regulation." Hayes, 390 F.3d at 1376 (quoting Torain v. U.S. Postal Serv., 83 F.3d 1420, 1422 (Fed. Cir. 1996)). Mr. Carell asserts that the Board has jurisdiction in this case because, under 5 C.F.R. § 1201.3(a)(6), it is authorized to hear an appeal of any agency action alleged to affect an individual's rights or interests under the CSRS. He also asserts that the agency's failure to correct his civilian personnel records violated the Privacy Act, 5 U.S.C. § 552a, and that this too provides the Board with jurisdiction in the case.

We do not think that Mr. Carell has met his burden of establishing Board jurisdiction. First, "[t]he regulation describing the Board's appellate jurisdiction under 5 C.F.R. § 1201.3 is not an independent source of jurisdiction itself, but is merely descriptive of jurisdiction found in other laws, rules, and regulations." Meyers v. Dep't of the Army, 35 M.S.P.R. 417, 420 (1987). The regulation does state that "[d]eterminations affecting the rights or interests of an individual . . . under the [CSRS]" are of the type the Board has jurisdiction over. 5 C.F.R. § 1201.3(a)(6). However, an appellant must still point to a specific statute or regulation providing Board jurisdiction. Indeed, section 1201.3(a) lists specific jurisdictional statutes or regulations after each type of appeal listed as within the Board's jurisdiction. For example, section 1201.3(a)(6) itself lists, among others, 5 U.S.C. § 8347(d)(1)-(2). In his reply brief, Mr. Carell points to 5 U.S.C. § 8347(d), arguing that it provides a jurisdictional basis

because "[i]t is precisely from OPM action that Mr. Carell is appealing." But Mr. Carell is appealing from an action by the agency—i.e. its refusal to correct his civilian personnel records—not an action by OPM.

Second, the Privacy Act also does not provide a basis for Board jurisdiction. The reason is that claims under the Privacy Act must be brought in federal district court. 5 U.S.C. § 552a(g)(1); see also Fiorentino v. U.S., 607 F.2d 963, 969 (Ct. Cl. 1979) ("[The Privacy Act] provides an administrative remedy for one so aggrieved, and if he is unsuccessful with that, he can sue in the U.S. District Court, including a suit for correction of his record."); Bush v. Office of Pers. Mgmt., 91 M.S.P.R. 415, ¶ 8 (2002).

For the foregoing reasons, we affirm the decision of the Board dismissing Mr. Carell's appeal for lack of jurisdiction.

Each party shall bear its own costs.

NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3319

ALAN J. CARELL,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

NEWMAN, <u>Circuit Judge</u>, dissenting.

The procedural tangles of this case arose when Mr. Carell attempted to name both the Army and OPM as respondents in his petition to change his civilian employment records to track the correction of his military record.  The MSPB spontaneously docketed the case as two separate appeals, and then held that neither the Army nor OPM could act until the other acted.  Instead of denying this petitioner all review, apparently as a consequence of this artificial split in authority, the MSPB should consider the merits of the substantive question, viz., is Mr. Carell entitled, on the facts of his case, to correction of his civil service record to match the correction of his military record.  Although this pro se petitioner did not provide an exhaustive analysis of MSPB jurisdictional statutes,  he cited 5

U.S.C. §8347(d), which authorizes the MSPB to review actions of the OPM. Since it is the OPM that refused to correct Mr. Carell's employment record, the appeal is properly before the MSPB. The Board has jurisdiction of the question and should resolve it. I would vacate the dismissal, and instruct the MSPB to decide the question on its merits.