NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3124

MAURICE T. SHAFFORD,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Maurice T. Shafford, of Matteson, Illinois, pro se.

Steven M. Mager, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Todd M. Hughes, Deputy Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3124

MAURICE T. SHAFFORD,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Petition for review of the Merit Systems Protection Board in CH3443060300-B-1.

_____

DECIDED: July 10, 2008

_____

Before LINN, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and PROST, Circuit Judges.

PER CURIAM.

Maurice T. Shafford appeals a decision of the Merit Systems Protection Board ("Board") dismissing Mr. Shafford's appeal for lack of jurisdiction. Shafford v. U.S. Postal Serv., No. CH3443060300-B-1 (M.S.P.B. June 6, 2007) ("Board Decision"). Because we agree that Mr. Shafford has not established jurisdiction, we affirm.

BACKGROUND

Mr. Shafford was employed by the United States Postal Service ("USPS") as a Mail Processing Clerk (PS-05). After Mr. Shafford was detailed to a Networks Specialist position (EAS-15) for approximately three years, the USPS mailed a letter to Mr.

Shafford stating that he had been officially promoted to that position effective October 5, 2002. On October 23, 2002, however, the USPS rescinded this letter, explaining that it was sent in error, and Mr. Shafford resumed his work as a Mail Processing Clerk.

Mr. Shafford appealed what he perceived as a demotion to the Board. After a jurisdictional hearing, the administrative judge concluded that the Board lacked jurisdiction over Mr. Shafford's appeal because Mr. Shafford failed to establish that he had completed one year of current continuous service in the same or similar position. Board Decision, slip op. at 2, 6. Specifically, the administrative judge found that Mr. Shafford did not satisfy this one-year requirement because: (1) Mr. Shafford only occupied the Networks Specialist position for nineteen days—from October 5, 2002 to October 23, 2002; (2) his prior service in that position on a detail "does not count toward the one year of current continuous service"; and (3) his time as a Mail Processing Clerk also could not count toward the one-year requirement because the positions were not sufficiently similar. Id., slip op. at 4-6. Accordingly, the administrative judge concluded that the Board lacked jurisdiction and dismissed Mr. Shafford's appeal. Id., slip op. at 6. When the Board denied review, the administrative judge's decision became the final decision of the Board. Shafford v. U.S. Postal Serv., No. CH3443060300-B-1 (M.S.P.B. Nov. 14, 2007).

## DISCUSSION

The Board's jurisdiction is limited to those matters prescribed by the applicable laws, rules, and regulations. Torain v. U.S. Postal Serv., 83 F.3d 1420, 1422 (Fed. Cir.

1996) (citing 5 U.S.C. § 7701(a)). When a non-preference-eligible postal employee[1] appeals an adverse personnel action, the Board only has jurisdiction if the employee:

> (I) is in the position of a supervisor or a management employee in the Postal Service, or is an employee of the Postal Service engaged in personnel work in other than a purely nonconfidential clerical capacity; and
> (II) has completed 1 year of current continuous service in the same or similar positions.

39 U.S.C. § 1005(a)(4)(A)(ii); Waldau v. Merit Sys. Prot. Bd., 19 F.3d 1395, 1398 (Fed. Cir. 1994). Mr. Shafford has the burden of establishing the Board's jurisdiction. See 5 C.F.R. § 1201.56(a)(2)(i). Whether the Board has jurisdiction is a question of law that we review without deference, but we are bound by the Board's underlying factual findings "unless those findings are not supported by substantial evidence." Bolton v. Merit Sys. Prot. Bd., 154 F.3d 1313, 1316 (Fed. Cir. 1998); see 5 U.S.C. § 7703(c).

As noted above, the administrative judge found that the Board lacked jurisdiction because Mr. Shafford had not "completed 1 year of current continuous service in the same or similar positions." See 39 U.S.C. § 1005(a)(4)(A)(ii)(II). First, although Mr. Shafford contended that his demotion did not occur until sometime in 2004, the administrative judge found that the evidence established that the USPS rescinded the letter on October 23, 2002. Board Decision, slip op. at 2-3. Thus, at most, Mr. Shafford occupied the Networks Specialist position for only nineteen days. Id., slip op. at 4. A review of the record shows that this factual finding is supported by substantial evidence.

Second, while Mr. Shafford was detailed to the Networks Specialist position for approximately three years, the administrative judge found that service on a detail "does not count toward the one year of current continuous service." Id., slip op. at 4-5 (citing

---

[1] The parties concede that Mr. Shafford is not preference eligible. See

<u>Wafford v. U.S. Postal Serv.</u>, 34 M.S.P.R. 691, 693-94 (1987)). In <u>Wafford</u>, the Board concluded that an appellant's service on a detail "does not entitle him to the rights of the position to which he was detailed and therefore cannot be credited toward his completion of one year of service in the same or similar positions." 34 M.S.P.R. at 693. Because the administrative judge correctly applied the controlling law, we perceive no error in this finding.

Finally, the administrative judge found that Mr. Shafford's service as a Mail Processing Clerk could not count toward the one-year requirement because that position was not the same as or sufficiently similar to the Networks Specialist position. <u>Board Decision</u>, slip op. at 5-6. Two positions are "similar" when they "involve related or comparable work that requires the same or similar skills"; however, if positions "involve 'two distinctly different lines of work,'" the positions are not sufficiently similar. <u>Mathis v. U.S. Postal Serv.</u>, 865 F.2d 232, 234-35 (Fed. Cir. 1988) (quoting <u>Van Skiver v. U.S. Postal Serv.</u>, 7 M.S.P.R. 18, 20 (1981); <u>Wafford</u>, 34 M.S.P.R. at 696).

After a jurisdictional hearing, the administrative judge found that the Mail Processing Clerk and Networks Specialist positions "involve significantly different responsibilities and duties." <u>Board Decision</u>, slip op. at 6. While the Mail Processing Clerk physically processes, sorts, and distributes the mail, the Networks Specialist occupies a higher-level position that "coordinates activities between contract carriers and postal supervisors" and helps administer "network changes regarding dispatch and routing activities." On appeal, Mr. Shafford alleges that the positions are similar because, in both, an employee may respond to inquiries from contract carriers. A minor

_____

<u>Board Decision</u>, slip op. at 4.

overlap, however, does not establish similarity where the evidence indicates that the two positions involve different types of work requiring different skill sets. In addition, Mr. Shafford argues that the two positions are similar because the "basic fuction [sic]" of both is "the efficient movement of the mail." But simply having a common basic function also does not indicate that two positions are "similar," especially when this basic function applies to nearly <u>any</u> position with the USPS. <u>See</u> 39 U.S.C. § 403(b)(1) (The USPS is responsible for "maintain[ing] an efficient system of collection, sorting, and delivery of the mail.").

We conclude, therefore, that substantial evidence supports the administrative judge's finding that the Mail Processing Clerk and Networks Specialist positions "involve significantly different responsibilities and duties" and, thus, are not sufficiently "similar." <u>Board Decision</u>, slip op. at 6. Because Mr. Shafford has not established that he "completed 1 year of current continuous service in the same or similar positions," the Board lacks jurisdiction over his appeal. <u>See</u> 39 U.S.C. § 1005(a)(4)(A)(ii)(II); <u>Waldau</u>, 19 F.3d at 1398. Accordingly, we affirm.

COSTS

Each party shall bear its own costs.