NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3279

DANIEL E. SANCHEZ,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Daniel E. Sanchez, of Laredo, Texas, pro se.

Jeffrey A. Gauger, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were B. Chad Bungard, General Counsel, and Joyce G. Friedman, Acting Associate General Counsel for Litigation.

Appealed from: Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3279

DANIEL E. SANCHEZ,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board in DA0752070548-I-1.

_____

DECIDED:  January 8, 2009

_____

Before MICHEL, <u>Chief Judge</u>, PROST, <u>Circuit Judge</u>, and GETTLEMAN, <u>District Judge</u>.[*]

PER CURIAM.

Daniel E. Sanchez petitions for review of an initial decision of the Merit Systems Protection Board ("Board") dismissing Mr. Sanchez's appeal for lack of jurisdiction, <u>Sanchez v. Dep't of Homeland Sec.</u>, No. DA0752070548-I-1 (M.S.P.B. Dec. 12, 2007) ("<u>Board Decision</u>"), which became final after the full board denied his petition for review. Because the Board correctly determined that it lacks jurisdiction over Mr. Sanchez's appeal, we <u>affirm</u>.

_____

[*]        Honorable Robert W. Gettleman, District Judge, United States District Court for the Northern District of Illinois, sitting by designation.

BACKGROUND

On August 22, 2005, Mr. Sanchez received an excepted service appointment in the Department of Homeland Security ("Agency"). The form documenting Mr. Sanchez's appointment specified that: (1) the appointment was not to exceed two years; (2) upon satisfactory completion, Mr. Sanchez would be converted to career or career-conditional appointment; and (3) if Mr. Sanchez's performance was not satisfactory, then the employment would be terminated. Before the expiration of his two-year appointment, the Agency decided to terminate Mr. Sanchez, effective August 9, 2007. Mr. Sanchez appealed his termination to the Board.

In an initial decision, the administrative judge found that the Board lacked jurisdiction over Mr. Sanchez's appeal because Mr. Sanchez was not an "employee" entitled to file an appeal under 5 U.S.C. § 7511(a)(1) and Mr. Sanchez did not identify any other jurisdictional grounds for his appeal. Board Decision at 3-4. After the full Board denied Mr. Sanchez's petition for review, he sought review by this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

Whether the Board has jurisdiction is a question of law that we review without deference, but we are bound by the Board's underlying factual findings "unless those findings are not supported by substantial evidence." Bolton v. Merit Sys. Prot. Bd., 154 F.3d 1313, 1316 (Fed. Cir. 1998); see 5 U.S.C. § 7703(c). Mr. Sanchez has the burden of establishing jurisdiction. See 5 C.F.R. § 1201.56(a)(2)(i). The Board's jurisdiction is limited to those matters prescribed by the applicable laws, rules, and regulations. Torain v. U.S. Postal Serv., 83 F.3d 1420, 1422 (Fed. Cir. 1996). The Board has

jurisdiction over an appeal of a removal action filed by an "employee." <u>Van Wersch v. Dep't of Health & Human Serv.</u>, 197 F.3d 1144, 1147 (Fed. Cir. 1999) (<u>citing</u> 5 U.S.C. § 7701(a)).

Here, the Board found that it was undisputed that Mr. Sanchez was in the excepted service and was not preference eligible. <u>Board Decision</u> at 4. For a non-preference eligible individual in the excepted service, an "employee" is an individual:

> (i) who is not serving a probationary or trial period under an initial appointment pending conversion to the competitive service; or
> (ii) who has completed 2 years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less.

5 U.S.C. § 7511(a)(1)(C); <u>see</u> <u>Van Wersch</u>, 197 F.3d at 1148. The Board found that Mr. Sanchez satisfied neither definition—Mr. Sanchez was, in fact, "serving a trial period under an initial appointment pending conversion to the competitive service," and "he had not completed two years of current continuous service in the same or similar positions under other than a temporary appointment limited to 2 years or less." <u>Board Decision</u> at 4. Accordingly, the Board concluded that Mr. Sanchez was not an "employee" entitled to appeal his removal. <u>Id.</u>

On appeal, Mr. Sanchez does not challenge these findings. Rather, Mr. Sanchez alleges that the Board erred by failing to provide him with information that he requested under the Freedom of Information Act. We disagree. First, Mr. Sanchez has provided no reason why the requested information would show that the Board had jurisdiction (e.g., by establishing that Mr. Sanchez qualified as an "employee" under § 7511(a)(1)). Second, even if the Agency improperly failed to comply with the Freedom of Information Act, that failure would not by itself be sufficient to give the Board jurisdiction over Mr.

Sanchez's appeal.  Accordingly, we perceive no error in the Board's determination that it lacked jurisdiction.  Moreover, having concluded that the Board lacks jurisdiction, we do not reach Mr. Sanchez's arguments regarding the merits of his appeal (e.g., the legitimacy of his removal and the Agency's responsibility to identify work related deficiencies and re-educate employees).

For the foregoing reasons, we affirm the Board's decision to dismiss for lack of jurisdiction.

COSTS

Each party shall bear its own costs.