NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3318

BRUCE A. GOWINGS,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Bruce A. Gowings, of Lewisburg, West Virginia, pro se.

Michael A. Carney, General Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were B. Chad Bungard, General Counsel, and Joyce G. Friedman, Acting Associate General Counsel for Litigation.

Appealed from: Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2008-3318

BRUCE A. GOWINGS,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board in DC315H080213-I-1.

_____

DECIDED: January 12, 2009

_____

Before MICHEL, <u>Chief Judge</u>, SCHALL and PROST, <u>Circuit Judges</u>.

PER CURIAM.

Bruce A. Gowings petitions for review of an initial decision of the Merit Systems Protection Board ("Board") dismissing Mr. Gowings's appeal for lack of jurisdiction, <u>Gowings v. Dep't of Def.</u>, No. DC315H080213-I-1 (M.S.P.B. Apr. 1, 2008) ("<u>Board Decision</u>"), which became final after the full board denied his petition for review. Because we agree that Mr. Gowings has not established jurisdiction, we <u>affirm</u>.

BACKGROUND

On September 19, 2007, Mr. Gowings was appointed to a position in the Department of Defense ("Agency"), subject to completion of a one-year probationary period. Before expiration of that year, the Agency terminated Mr. Gowings, effective

December 1, 2007, for "undependability as evidenced by [his] pattern of using unscheduled leave." Mr. Gowings appealed his termination to the Board where he: (1) challenged the basis of his termination, asserting that his unscheduled leave was excused by medical certificates; and (2) alleged that, despite the Agency's asserted grounds, his termination was actually based upon a his failure to satisfy a pre-appointment condition.

During the proceedings, the administrative judge explained to Mr. Gowings that, because he was terminated during a probationary period, the Board's jurisdiction only permitted him to appeal on limited grounds, as provided by 5 C.F.R. § 315.806. After giving Mr. Gowings an opportunity to establish the Board's jurisdiction, the administrative judge found that the Board lacked jurisdiction and dismissed Mr. Gowings's appeal. Board Decision at 6. After the full Board denied Mr. Gowings's petition for review, he sought review by this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The Board's jurisdiction is limited to those matters prescribed by the applicable laws, rules, and regulations. Torain v. U.S. Postal Serv., 83 F.3d 1420, 1422 (Fed. Cir. 1996) (citing 5 U.S.C. § 7701(a)). Whether the Board has jurisdiction is a question of law that we review without deference, but we are bound by the Board's underlying factual findings "unless those findings are not supported by substantial evidence." Bolton v. Merit Sys. Prot. Bd., 154 F.3d 1313, 1316 (Fed. Cir. 1998); see 5 U.S.C. § 7703(c). Mr. Gowings has the burden of establishing the Board's jurisdiction. See 5 C.F.R. § 1201.56(a)(2)(i).

2008-3318                                    2

An employee terminated during a probationary period has a limited right of appeal to the Board. 5 C.F.R. § 315.806(a); Pervez v. Dep't of the Navy, 193 F.3d 1371, 1375 (Fed. Cir. 1999). First, the Board has jurisdiction over an allegation that the termination was based on partisan political reasons or marital status. 5 C.F.R. § 315.806(b). Mr. Gowings does not allege that his termination was based on either of these factors. Second, the Board has jurisdiction over an allegation that the termination was based on pre-appointment reasons, but was not effected in accordance with the procedural requirements of § 315.805. Id. at § 315.806(c).

In an attempt to establish jurisdiction under the latter provision, Mr. Gowings argues that his termination was based on a pre-appointment reason, despite the explanation in the termination letter that he was terminated because of post-appointment conduct. In rejecting this contention, the Board found that Mr. Gowings "proffered no facts to show that his termination was based on circumstances other than those cited in the agency's termination letter." Board Decision at 4. On appeal, Mr. Gowings does not point to any evidence to the contrary. Rather, Mr. Gowings appears to contend that his failure to satisfy a condition of appointment (specifically, a residency requirement) rendered his appointment erroneous and unlawful and, thus, this pre-appointment reason must be considered because it occurred prior to his post-appointment conduct.

There is sufficient evidence to support the Board's factual finding that Mr. Gowings failed to show that his termination was based on a pre-appointment reason. Moreover, the Board correctly determined that it lacked authority, without more, to review the validity of Mr. Gowings's original appointment. Board Decision at 4-5.

Accordingly, we perceive no error in the Board's conclusion that Mr. Gowings did not establish that the Board had jurisdiction. Finally, having concluded that the Board lacks jurisdiction, we do not reach Mr. Gowings's arguments regarding the merits of his appeal (e.g., whether the agency improperly disregarded medical certificates when it decided to terminate Mr. Gowings and whether he deserves compensation for expenses incurred when starting an allegedly erroneous appointment).

For the foregoing reasons, we affirm the Board's decision to dismiss for lack of jurisdiction.

## COSTS

Each party shall bear its own costs.