NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3357

WALTER J. BENN, JR.,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Walter J. Benn, Jr., of Cincinnati, Ohio, pro se.

Stephanie M. Conley, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent.  With her on the brief were B. Chad Bungard, General Counsel, and Jeffrey A. Gauger, Attorney.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3357

WALTER J. BENN, JR.,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board in CH3443080446-I-1.

_____

DECIDED: April 2, 2009

_____

Before LOURIE, RADER, and DYK, <u>Circuit Judges</u>.

PER CURIAM.

## DECISION

Walter J. Benn, Jr. appeals from the final decision of the Merit Systems Protection Board (the "Board") dismissing his appeal for lack of jurisdiction. <u>Benn v. Dep't of Veterans Affairs</u>, CH-3443-08-0446-I-1 (M.S.P.B. Sept. 3, 2008). Because Benn has not demonstrated that the Board's decision was an abuse of discretion, contrary to law, or otherwise reversible, we <u>affirm</u>.

## BACKGROUND

Benn served as a Supply Technician at the Department of Veterans Affairs (the "VA") in Cincinnati, Ohio. On March 2, 2004, the VA denied a request by Benn to

reclassify his then-GS-6 position to the GS-7 level. Benn appealed that classification decision to the Office of Personnel Management ("OPM"), which determined that his position should actually be at the GS-5 level. On October 15, 2005, the VA notified Benn by letter that his position would be downgraded from the GS-6 level to the GS-5 level and that he was entitled to grade retention for two years and then pay retention. Benn's grade retention was terminated effective October 28, 2007.

On March 24, 2008, Benn appealed to the Board, alleging that he was reduced in grade as a result of the agency's failure to comply with 5 U.S.C. § 5364, which he argued entitled him to priority placement in a position at the same or higher grade than the one previously held. The administrative judge ("AJ") assigned to the case issued an acknowledgment order informing Benn that the Board might lack jurisdiction over his claim and directing him to file evidence and arguments to prove that the challenged action was within the Board's jurisdiction. Benn candidly responded that he knew that "the instant complaint may not 'directly' seem to fall within MSPB jurisdiction, but [he] hope[d] to present this to be an adverse action in the form of an action Management 'failed to take,'" inconsistent with, presumably, 5 U.S.C. § 2302, which uses such language and which Benn referenced at other times during his appeal.

On May 20, 2008, the AJ dismissed Benn's appeal for lack of jurisdiction, stating that no hearing was held because Benn did not raise any non-frivolous issue of fact relating to jurisdiction. The AJ stated that no law, rule, or regulation grants the Board jurisdiction to review either agency reclassification actions pursuant to OPM job grading standards or the termination of any employee's pay and grade retention pursuant to an agency reclassification determination. Because OPM had reclassified Benn's position

downward but provided both grade and pay retention pursuant to the October 15, 2005 letter, the AJ found that Benn had failed to raise factual allegations that, if proven, would show that his employment was affected by an agency action appealable to the Board under any law, rule, or regulation.  Finally, the AJ stated that, to the extent that Benn was alleging a violation of 5 U.S.C. § 2302, there was no jurisdiction over those general allegations of prohibited personnel practices because his allegations were not raised in conjunction with an otherwise appealable action.

Benn filed a petition for review of the AJ's initial decision.  On September 3, 2008, the Board declined review and thus rendered the AJ's initial decision final.  Benn timely appealed to this court.  We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

### DISCUSSION

The scope of our review in an appeal from a Board decision is limited.  We can only set aside the Board's decision if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence."  5 U.S.C. § 7703(c) (2006).  This court reviews whether the board has jurisdiction over an appeal de novo.  Torain v. U.S. Postal Serv., 83 F.3d 1420, 1422 (Fed. Cir. 1996).  We are bound, however, by the AJ's factual findings on which a jurisdictional determination is based "unless those findings are not supported by substantial evidence."  Bolton v. Merit Sys. Prot. Bd., 154 F.3d 1313, 1316 (Fed. Cir. 1998).  Furthermore, the petitioner has the burden to establish the Board's jurisdiction by a preponderance of the evidence.  5 C.F.R. § 1201.56(a) (2008).

In the instant action, Benn and the government dispute what the basis of Benn's appeal is. Benn argues that the Board and the VA have skewed the issue presented to portray it as involving a disgruntled employee who is challenging the downgrading of his position. Instead, Benn asserts that the actual issue is the VA's failure to afford him priority placement consideration, which he believes is due under 5 U.S.C. § 5364. He contends that if he had been granted priority placement, he would have achieved employment at a higher grade than he currently has. Because he was not granted priority placement, Benn argues that the reduction in pay that occurred when his pay retention ended constituted an adverse action in violation of 5 U.S.C. § 2302.

In response, the government argues that Benn indicated on the appeal form filed with the Board that he was appealing the reduction in grade or pay of his position. In addition, the government asserts that Benn has made no showing before the Board or this court that failure to comply with 5 U.S.C. § 5364 confers the right to appeal to the Board. Finally, the government argues that 5 U.S.C. § 2302 simply defines prohibited personnel practices and does not grant the Board jurisdiction over general allegations of prohibited personnel practices absent a specific appealable action.

We agree with the government that the Board's decision was not an abuse of discretion, contrary to law, or otherwise reversible. It is clear that the Board does not have jurisdiction over classification appeals, which are within the province of OPM and only appealable to that entity, aside from special circumstances not applicable to this case. See Pierce v. Merit Sys. Prot. Bd., 242 F.3d 1373, 1375-76 (Fed. Cir. 2001); Saunders v. Merit Sys. Prot. Bd., 757 F.2d 1288, 1290 (Fed. Cir. 1985). Here, OPM afforded Benn grade and pay retention under 5 U.S.C. §§ 5362 and 5363 after

reclassification of his position, and Benn cannot appeal OPM's decision to the Board. See 5 U.S.C. § 5366(b) (2006); C.F.R. § 752.401(b)(8) (2008). To the extent that it is a separate issue, Benn's claim to priority placement under 5 U.S.C. § 5364 fails because he has made no showing of how that section, which describes remedial actions the OPM may require an agency to take to lessen the impact of a reclassification or reduction-in-force action, grants him any appeal rights. Benn has also failed to demonstrate that failure to grant priority placement under 5 U.S.C. § 5364 falls within the personnel practices prohibited by 5 U.S.C. § 2302. Regardless, an allegation of prohibited personnel practices under 5 U.S.C. § 2302 is not an independent source of appellate jurisdiction, as the Board correctly found in Benn's case. Saunders, 757 F.2d at 1290 ("Section 2302(b) is not an independent source of appellate jurisdiction and does not itself authorize an appeal.") (citation omitted).[*]

Thus, the Board did not abuse its discretion, commit any error of law, or otherwise reversibly err, in dismissing Benn's appeal for lack of jurisdiction. Accordingly, we affirm.

COSTS

No costs.

---

[*] Actions contrary to 5 U.S.C. § 2302(b)(8) can be appealed pursuant to 5 U.S.C. § 1221, but only if there is a "right to appeal directly to the Merit Systems Protection Board" or "applicant seeks corrective action . . . from the Special Counsel and" either appeals within 60 days of notification of the termination of investigation or receives no notification of corrective action within 120 days. 5 U.S.C. § 1214(a)(3) (2006). Under the present facts, however, there is no direct right to appeal and no allegation that petitioner has sought corrective action from the Special Counsel.

2008-3357