**Martin PIERCE, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 00–3039.

United States Court of Appeals, Federal Circuit.

March 22, 2001.

Lorenzo W. Tijerina, Law Office of Lorenzo W. Tijerina, of San Antonio, TX, for petitioner.

Joyce G. Friedman, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were Martha B. Schneider, Attorney; and Sara B. Rearden, Reviewing Attorney. Of counsel was Calvin M. Morrow, Attorney.

Before PAULINE NEWMAN, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and LINN, Circuit Judge.

FRIEDMAN, Senior Circuit Judge.

A government employee challenges the dismissal by the Merit Systems Protection Board (Board) for lack of jurisdiction of his appeal from his agency's (A) transferring him to another job at the same grade and pay and (B) refusing to reclassify the position he had held to a higher grade. We conclude that the Board correctly ruled that it had no jurisdiction over either of these claims, and therefore affirm.

I

The petitioner Pierce was employed by the Air Force as an Aircraft Engine Me-

chanic Foreman, WS–09, working on the second shift. He was transferred to a different job—Spin Test Equipment Operator Foreman—on the first shift, at the same grade and pay. He alleges that the employee who had held the job to which he was reassigned was a grade WS–10 and was reassigned to the WS–9 position Pierce had held.

After unsuccessfully seeking relief from the Air Force, Pierce appealed to the Board. He contended (A) that his transfer was improper and (B) that the Air Force should have reclassified his prior position from grade 09 to grade 10.

After informing Pierce that it might not have jurisdiction over the appeal and giving him the opportunity to submit facts and argument on the jurisdictional issue (which he did), the Board dismissed his appeal for lack of jurisdiction. *Pierce v. Dep't of the Air Force,* No. DA–3443–99–0096–I–1, slip op. at 1–2, 6 (M.S.P.B. Mar.24, 1999) (Initial Decision). In his initial decision, which became final when the Board refused to review it, the administrative judge pointed out that the "Board generally has no jurisdiction to review the classification of a position or require that an agency reclassify a position," *id.* at 3, and found that Pierce "has failed to cite any law, rule, or regulation that would give the Board jurisdiction over his appeal," *id.* at 5. The administrative judge also ruled that although Pierce had requested a hearing, "[n]o hearing is necessary, because he has not raised any non-frivolous allegations that the Board has jurisdiction over his appeal." *Id.* at 6 n. 7.

## II

Before this court, Pierce argues (A) that his transfer constituted a "constructive demotion" over which the Board had jurisdiction and (B) that the Board may remedy the agency's improper refusal to reclassify his former position to a higher grade.

A. An employee's transfer to another position at the same grade and pay ordinarily is not an adverse action that the Board has jurisdiction to review under 5 U.S.C. § 7512 and 7701. *Artmann v. Dep't of Interior,* 926 F.2d 1120, 1122 (Fed.Cir.1991); *see also Thomas v. United States,* 709 F.2d 48, 49 (Fed.Cir.1983). There is a narrow exception to this principle: the Board will treat as a "constructive demotion," and therefore as a reduction in grade (over which it has jurisdiction), an employee's transfer at the same grade "when an agency reassigns an employee out of a position that is subsequently upgraded and the employee met the requirements for promotion at the time of the reassignment." *Hogan v. Dep't of the Navy,* 218 F.3d 1361, 1364 (Fed.Cir.2000); *see also Russell v.. Dep't of the Navy,* 6 MSPB 585, 6 M.S.P.R. 698 (1981); *Spicer v. Dep't of Defense,* 59 M.S.P.R. 359, 362, 367 (1993).

Pierce, however, did not raise this "constructive demotion" argument before the Board and it is therefore not open to him in this appeal. *Synan v. Merit Sys. Prot. Bd.,* 765 F.2d 1099, 1101 (Fed.Cir. 1985). Even if we were to consider it, however, it would not avail him.

The doctrine applies only "where a position has been upgraded to correct an error" in classification. *Hogan,* 218 F.3d at 1366. Pierce does not contend that his former position was upgraded but only that it should have been (see part B below) and that the employee reassigned to it held a higher grade. Assuming without deciding that the Board's "constructive demotion" theory is "a valid basis of Board jurisdiction," *id.* at 1364, Pierce's claim fails because it "does not contain the elements of constructive demotion as specified by the Board in *Russell,*" *id.*

B. "The board has not been granted appellate jurisdiction over cases

concerning the proper classification of a position, either by statute or regulation." *Saunders v. Merit Sys. Prot. Bd.*, 757 F.2d 1288, 1290 (Fed.Cir.1985). If Pierce wished to pursue his contention that his prior position was improperly classified, he should have sought relief from the Office of Personnel Management pursuant to 5 U.S.C. §§ 5110 and 5112. *See Bosco v. United States*, 931 F.2d 879, 881 (Fed.Cir. 1991) (employees challenged the agency's classification of their positions by appealing to the Office of Personnel Management); *Saunders*, 757 F.2d at 1289 (after challenging at his agency the reclassification of his position, employee "appealed his reclassification to the Office of Personnel Management"). The Board, however, had no jurisdiction to review directly the classification of Pierce's former position.

## CONCLUSION

The decision of the Board dismissing Pierce's appeal for lack of jurisdiction is

*AFFIRMED.*