David A. PICCIOLO, Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD, Respondent.

No. 01–3250.

United States Court of Appeals, Federal Circuit.

Dec. 10, 2001.

Before NEWMAN, CLEVENGER, and SCHALL, Circuit Judges.

## DECISION

PER CURIAM.

David A. Picciolo petitions for review of the decision of the Merit Systems Protection Board ("Board") that dismissed as untimely his petition for review. *Picciolo v. General Services Administration,* 88 M.S.P.R. 187 (2001). We *affirm.*

## DISCUSSION

### I.

Mr. Picciolo is employed by the General Services Administration ("agency") as a police officer. After the agency denied his application for law enforcement officer retirement credit, he appealed to the Board. On March 31, 2000, the administrative judge to whom the case was assigned issued an initial decision sustaining the denial. The initial decision informed Mr. Picciolo that it would become the final decision of the Board on May 5, 2000, unless Mr. Picciolo filed a petition for review.

Mr. Picciolo filed a petition for review on June 16, 2000, 42 days after the filing deadline. In a document titled "motion to accept late filed petition for review" that accompanied his petition, Mr. Picciolo stated that he never received the initial decision because his address had changed in December of 1999 and that his attorney never informed him of the initial decision. In the petition for review itself, Mr. Picciolo stated that the petition was untimely because his attorney resigned two weeks after the initial decision was issued and because co-appellants in the case refused to pay for legal counsel. Mr. Picciolo also asserted that he was waiting for certain documents from the Office of Personnel Management, that he had not had enough time to research the law concerning his case, and that he was detailed to Miami, Florida, when the initial decision was issued.

As noted above, the Board dismissed Mr. Picciolo's petition for review as untimely. The Board considered each of the reasons advanced by Mr. Picciolo for the untimeliness of the petition, but determined that Mr. Picciolo had failed to demonstrate good cause for his untimeliness. This appeal followed.

### II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capri-

cious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703; *Kewley v. Dep't of Health & Human Serv.,* 153 F.3d 1357, 1361 (Fed.Cir. 1998).

Mr. Picciolo's brief is largely devoted to the merits of his claim for law enforcement officer retirement credit. However, in case such as this, where the Board has dismissed a petition for review as untimely, the merits of the AJ's initial decision are not before us. The only issue we consider is the Board's dismissal of the petition. *See Olivares v. Merit Sys. Prot. Bd.,* 17 F.3d 386, 388 (Fed.Cir.1994).

On the page preceding the table of contents of his brief, Mr. Picciolo does raise two points relating to the Board's dismissal of his petition for review. First, he states that the AJ's initial decision was never mailed to him. Second, he repeats the argument that he made before the Board that he was hindered in timely filing his petition by the fact that when the AJ issued her initial decision, he was on a detail in Miami, Florida.

Mr. Picciolo's first argument is a contention that he did not raise before the Board. We therefore need not consider it. *See Pierce v. Merit Sys. Prot. Bd.,* 242 F.3d 1373, 1375 (Fed.Cir.2001). In any event, the contention is without merit. We are informed by the Board that the Certificate of Service of the initial decision, dated March 31, 2000, certifies that the initial decision was sent by regular mail to Mr. Picciolo at his address of record at the time, as well as to his chosen representatives, Christopher E. Parker, Esquire, and Maureen M. Middleton, Esquire, of the law firm of Freeman, Mathis & Gray in Atlanta, Georgia.

Mr. Picciolo's argument relating to his detail to Florida was rejected by the Board. The Board determined that Mr. Picciolo was responsible for ensuring the timely forwarding of his correspondence and that, to the extent he failed to make arrangements to have his mail forwarded to him, he failed to execute due diligence. The Board therefore concluded that Mr. Picciolo had failed to show good cause for the untimely filing of his petition for review. Whether the regulatory time limit for filing a petition for review should be waived based upon a showing of good cause is a matter committed to the Board's discretion, and this court will not substitute its own judgment for that of the Board. *See Mendoza v. Merit Sys. Prot. Bd.,* 966 F.2d 650, 653 (Fed.Cir.1992)(en banc). We cannot say that the Board's conclusion in this case was an abuse of discretion.

For the foregoing reasons, the decision of the Board is affirmed.

No costs.