**Thomas E. HAGEN, Petitioner,**

v.

**DEPARTMENT OF DEFENSE,**
**Respondent.**

No. 03–3284.

United States Court of Appeals,
Federal Circuit.

DECIDED: Jan. 20, 2004.

Before MICHEL, SCHALL, and PROST, Circuit Judges.

PER CURIAM.

Petitioner, Thomas E. Hagen, moving pro se, seeks review of a decision by the Merit Systems Promotion Board (the "MSPB"). The MSPB had dismissed his appeal for lack of jurisdiction to review a decision by the United States Defense Commissary Agency ("DeCA") that removed Hagen from his position as a store worker at a commissary in Albany, Georgia. Hagen was removed based on a violation of a last chance agreement ("LCA"). *Thomas E. Hagen v. Dep't of Defense*, No. AT0752020836–I–1, slip op. at 15 (M.S.P.B. Dec.18, 2002). Hagen challenges his removal on the basis that his right to procedural due process was violated and that there is insufficient evidence to support a finding that he breached the LCA. We *affirm* the MSPB's decision.

## BACKGROUND

On September 24, 2001, Hagen and DeCA entered into a last chance settlement agreement after DeCA had issued a notice proposing to remove Hagen for a threat he had allegedly made against his supervisor following an unsatisfactory performance review. In the agreement, Hagen agreed to a fourteen day unpaid suspension and a probationary period of one year, to commence at the end of his suspension. Hagen also agreed to comply with a number of other requirements, including avoiding "substantiated incidences of fighting or *creating disturbances*" (emphasis added). In addition, Hagen agreed to waive his right to appeal to the MSPB any imposed disciplinary action for a substantiated charge of violating the LCA.

On August 2, 2002, DeCA issued a notice to remove Hagen based on a complaint lodged by his store manager, in which she alleged that Hagen, on July 26, 2002, was openly hostile to her, giving rise to a disturbance on the sales floor. DeCA removed Hagen from federal service, effective August 10, 2002. Hagen filed an appeal with the MSPB on September 11, 2002. A hearing was held before an administrative judge on December 18, 2002, during which, witnesses testified on behalf of Hagen or DeCA. The administrative judge subsequently held that DeCA had proven by a preponderance of evidence that Hagen had created a disturbance, thereby violating the LCA, and that the waiver of his appeal rights was enforceable, thus divesting the MSPB of jurisdiction to consider his appeal. Hagen petitioned the full board for a review of the administrative judge's decision on January 30, 2003. The petition for review was denied on June 20, 2003, and the administrative judge's decision became final on June 23, 2003.

## DISCUSSION

Title 5 requires this court to uphold an MSPB's decision unless it is found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation, or unsupported by substantial evidence. 5 U.S.C. § 7703(c); *Yates v. MSPB*, 145 F.3d 1480, 1483 (Fed.Cir.1998). We must accept the MSPB's factual determinations if supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brewer v. United States Postal Serv.*, 227 Ct.Cl. 276, 647 F.2d 1093, 1096 (Ct.Cl.1981). To the extent that a petitioner's claim rests upon a challenge to the presiding judge's credibility determination, such determinations are virtually unreviewable by this court. *Hambsch v. Dep't of Treasury*, 796 F.2d 430, 436 (Fed.Cir.1986).

Hagen here challenges the MSPB's decision on two grounds. First, relying on *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985), Hagen claims that DeCA failed to afford him adequate due process. More specifically, he claims DeCA had failed to provide him "prior notice of the charges, an explanation of [DeCA's] evidence, and an opportunity to respond" before DeCA removed him from his job. Hagen did not bring the alleged due process error to the MSPB's attention however, and therefore he did not preserve this issue for appeal. *Pierce v. Merit Sys. Prot. Bd.*, 242 F.3d 1373, 1375 (Fed.Cir.2001). Hagen's first ground for reversal must therefore be rejected.

Second, Hagen asserts that the MSPB erroneously failed to give credence to evidence he contends substantiates his claim that he had not created a disturbance under the terms of the LCA. The administrative judge had considered the testimony from three witnesses, each of whom testified on behalf of Hagen to support his contention, and found their testimony of little value or not credible. *Hagen*, No. AT0752020836–I–1, slip op. at 7. Hagen submits nothing but his own self-serving statements and arguments to impugn the MSPB's determination that none of the witnesses who testified on his behalf offered sufficiently probative testimony to support his version of the incident with his manager. Further, Hagen provides little to impeach the store manager's testimony or the testimony of a corroborating witness as to the alleged disturbance. In view of the dearth of evidence presented by Hagen to support the second ground of his appeal, we find no reason to disturb the administrative judge's credibility determinations, which ordinarily are virtually unreviewable from a cold paper record. *Hambsch*, 796 F.2d at 436. Because Hagen has failed to produce any evidence to show that the MSPB's holding is not supported by substantial evidence, we must affirm.