NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3172

RONALD CALVIN,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Ronald Calvin, of Ontario, California, pro se.

Calvin M. Morrow, Attorney, Office of the General Counsel, United States Merit Systems Protection Board, of Washington, DC, for respondent.  With him on the brief were B. Chad Bungard, General Counsel, and Rosa M. Koppel, Deputy General Counsel.

Appealed from:  United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3172

RONALD CALVIN,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED: November 16, 2007

_____

Before NEWMAN, Circuit Judge, ARCHER, Senior Circuit Judge, and LINN, Circuit Judge.

PER CURIAM.

Ronald Calvin petitions for review of the decision of the Merit Systems Protection Board, Docket No. SF0351060770-I-1, dismissing his appeal for lack of jurisdiction. We affirm the decision of the Board.

BACKGROUND

Mr. Calvin was transferred from his position of Manager, Postal Police Division, EAS-21 to that of General Analyst, EAS-21. Both positions carry the same grade and basic rate of pay. The Agency cited loss of confidence in Mr. Calvin's managerial abilities as the

reason for the transfer. Mr. Calvin states that the transfer was in retaliation for his having filed a discrimination claim against his supervisor, and points to his consistent high performance evaluations. He also points to his 36 years of service, and argued that his transfer was, in effect, a constructive demotion, since he lost the retirement and other benefits and credentials of being a police officer. He argued that his removal from the position of Manager, Postal Police Division, harms him both in terms of the retirement benefits he would gain under the Law Enforcement Safety Act of 2004 and in terms of his prestige as a Captain of Postal Police. He also argued that he was the victim of an illegal reduction-in-force procedure. He states that these various grounds entitle him to a hearing on the merits of his case.

The Board held that a transfer without a reduction in either grade or the basic rate of pay is not a personnel action that is appealable to the Board, and did not discuss the various arguments presented. This petition followed.

## DISCUSSION

The jurisdiction of the Board is determined by statute and, with statutory exceptions not here relevant, a transfer without reduction in grade or pay is not within the jurisdiction of the Board. See 5 U.S.C. §7512, 7701; Pierce v. MSPB, 242 F.3d 1373 (Fed. Cir. 2001). The regulations, supported by precedent, state that a "reduction in pay," for purposes of Board jurisdiction, means a reduction in the basic rate of pay without regard to any other benefits or perquisites that may be lost in the reassignment. See 5 C.F.R. §531.202 ("Rate of Basic Pay means the rate of pay fixed by law or administrative action for the position held by an employee before any deductions and exclusive of additional pay of any kind.") Similarly, a loss of prestige or status due to transfer does not confer jurisdiction upon the

2007-3172                                    2

Board where the grade or rate of pay has not been reduced.  See, e.g., Artmann v. Department of the Interior, 926 F.2d 1120 (Fed. Cir. 1991) (the Board does not have jurisdiction of reassignments "not constituting a reduction in grade or pay, even though the reassignment reduces the employee's status, duties or responsibilities").  Absent jurisdiction, the Board does not have jurisdiction to resolve factual disputes concerning the motive for the transfer.  The dismissal of the appeal must be affirmed.

No costs.