# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

LORRAINE C. CAMBRIC-GUMBS,
          Appellant,

       v.

DEPARTMENT OF THE AIR FORCE,
          Agency.

DOCKET NUMBER
DA-3443-14-0183-I-1

DATE: November 4, 2014

# THIS ORDER IS NONPRECEDENTIAL[1]

Lorraine C. Cambric-Gumbs, Converse, Texas, pro se.

Frank A. Posey, Esquire, Randolph Air Force Base, Texas, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed her appeal from the withdrawal of a GS-09 job offer for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

petition for review and REMAND the case to the regional office for further adjudication in accordance with this Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 The agency initially offered the appellant a position in the Pathways Internship Program at the GS-09 grade level. Initial Appeal File (IAF), Tab 5 at 4. The agency subsequently amended the offer to the GS-07 grade level, which the appellant accepted. *Id.* at 4-5. The appellant filed a Board appeal arguing that she should have been hired at the GS-09 grade level and that she was entitled to back pay. IAF, Tab 1 at 4, Tab 7 at 10. In addition, she requested that she be promoted to the GS-11 grade level effective June 7, 2013. IAF, Tab 7 at 10.

¶3 The administrative judge issued an acknowledgment order advising the appellant generally about her burden to prove jurisdiction but provided no specific instructions. IAF, Tab 2 at 1-2. Following this order, the appellant submitted additional documents, but no argument. IAF, Tab 3. The agency moved to dismiss the appeal. IAF, Tab 5 at 4-7. The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 6, Initial Decision (ID) at 1-3. The appellant has submitted a timely petition for review. Petition for Review (PFR) File, Tab 1. The agency has responded to the petition for review, and the appellant has replied. PFR File, Tabs 3-4.

The appellant's classification and nonpromotion are not appealable to the Board under chapter 75 of Title 5.

¶4 Both below and on review, the appellant challenges her placement in a GS-07 (versus GS-09) position and argues that she should have since been promoted to the GS-11 grade level. IAF, Tab 3 at 6; PFR File, Tab 1 at 5, Tab 4 at 7. We agree with the administrative judge to the extent that she found that the Board lacks jurisdiction over these claims under chapter 75. ID at 3.

¶5 The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). An appellant bears

the burden of proving that the Board has jurisdiction over her appeal. 5 C.F.R. § 1201.56(a)(2)(i). To be entitled to a jurisdictional hearing, an appellant need only raise nonfrivolous allegations of jurisdiction. *Levy v. Department of Labor*, 118 M.S.P.R. 619, ¶ 5 (2012).

¶6     Under 5 U.S.C. §§ 7512 and 7513(d), an employee who has suffered a reduction in pay or grade may appeal to the Board. *Chleapas v. Department of Health, Education, & Welfare*, 1 M.S.P.R. 479, 480 (1980). However, in the instant case, the appellant has not suffered a demotion but claims that she was hired at the wrong pay or grade level. As the administrative judge correctly found, pursuant to 5 U.S.C. §§ 5110 and 5112, the appellant should have raised with the Office of Personnel Management her disagreement with the classification of her position as GS-07. *See Pierce v. Merit Systems Protection Board*, 242 F.3d 1373, 1376 (2001); *see also* ID at 3. The Board lacks jurisdiction over this claim. *See Pierce*, 242 F.3d at 1376. Further, the Board does not have jurisdiction over the appellant's nonpromotion under chapter 75 because it is not an adverse action. *See Jones-Mason v. Department of Energy*, 99 M.S.P.R. 442, ¶ 9 (2005).

The Board may have jurisdiction over the appellant's nonpromotion claim as an individual right of action (IRA) appeal.

¶7     On review, the appellant argues that, on February 14, 2014, she submitted a timely response to the agency's motion to dismiss and that the administrative judge did not receive it due to problems with the e-Appeal system. PFR File, Tab 1 at 4. In that response, the appellant raised a claim of reprisal for whistleblowing activity. IAF, Tab 7 at 7. The appellant is correct that her response was not considered, and we therefore remand this appeal for consideration of her whistleblower reprisal claim.

¶8     In her acknowledgment order, the administrative judge indicated that the appellant could file a response to an agency motion within 10 calendar days of the

date that appears on the agency's certificate of service.[2]  IAF, Tab 2 at 3-4.  The agency submitted its motion to dismiss on February 5, 2014, and the administrative judge issued the initial decision 14 days later.  IAF, Tab 5 at 16; ID at 1.

¶9      The appellant submitted her response to the agency's motion within the 10-day period stipulated in the acknowledgment order.  IAF, Tab 7.  However, she submitted this pleading via e-Appeal during a period when the Board's server unexpectedly was not functioning.  *Id.*  The appellant's pleading was manually processed and saved to the server 5 days after she submitted her response.  *Id.* The administrative judge issued the decision on the same date.  ID at 1. However, she did not have the benefit of the appellant's response.  ID at 3.

¶10     In the appellant's response, she argued that the Board had jurisdiction over her claims under the Whistleblower Protection Enhancement Act.  IAF, Tab 7 at 7.  On review, she argues that "prohibited personnel practice is within the MSPB jurisdiction, specifically 'mismanagement,' [o]r the breaking of a law, rule, or regulation."  PFR File, Tab 4 at 4.  She also states that a failure to promote and decisions concerning awards are "personnel actions" under 5 U.S.C. § 2302(a)(2)(A).  PFR File, Tab 1 at 5.

¶11     The Board has jurisdiction over an IRA appeal if the appellant has exhausted her administrative remedies before Office of Special Counsel (OSC) and makes nonfrivolous allegations that:  (1) she engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(a), (b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action as defined under 5 U.S.C.

---

[2] The acknowledgment order also included an order regarding the appellant's burden to prove jurisdiction.  IAF, Tab 2 at 2.  Pursuant to that order, the record on jurisdiction closed on February 11, 2014.  *Id.*  However, we do not view the appellant's February 14, 2014 submission, in which she raised a claim of whistleblower reprisal, to be untimely because it was in response to the agency's motion to dismiss and not to the administrative judge's jurisdictional order.  IAF, Tab 5 at 4-7, Tab 7 at 1.

§ 2302(a).  5 U.S.C. § 1214(a)(3); *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).  A nonpromotion is a covered "personnel action" under 5 U.S.C. § 2302(a)(2)(A)(ii).  *Miller v. Department of Homeland Security*, 99 M.S.P.R. 175, ¶ 17 (2005).

¶12    We find that the appellant has not made a nonfrivolous allegation that she made a disclosure which was a contributing factor in a personnel action.  Further, the appellant has not shown that she exhausted her administrative remedies before OSC.  *See Edwards v. Department of Air Force*, 120 M.S.P.R. 307, ¶ 15 (2013).  However, the administrative judge did not give the appellant explicit notice of how to establish jurisdiction over an IRA appeal, presumably because she did not receive the appellant's whistleblower reprisal claim before the record closed.  An appellant must receive explicit information on what is required to establish an appealable jurisdictional issue.  *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985).  Failing to provide *Burgess* notice to the appellant constituted harmful error because, without it, the parties did not submit responses with evidence and argument regarding the jurisdictional issue concerning an IRA appeal, and, consequently, the record is not fully developed on this issue.  *See Rodriguez v. Department of Homeland Security*, 112 M.S.P.R. 446, ¶ 11 (2009).  Because the appellant was not properly advised of what she needed to allege regarding jurisdiction, this error was prejudicial to her substantive rights and must be corrected.  *See Guzman v. Department of Veterans Affairs*, 114 M.S.P.R. 566, ¶ 18 (2010).

¶13    Therefore, we find it appropriate to remand this appeal for the appellant to receive notice of how to establish jurisdiction over an IRA appeal and for further development of the record on this issue.  *See Rodriguez*, 112 M.S.P.R. 446, ¶ 11.  In her remand initial decision, the administrative judge may incorporate her prior finding that the Board does not have jurisdiction over the appellant's classification as a GS-07 or her nonpromotion to grade GS-11.

<u>The Board does not have jurisdiction over the appellant's allegation that the agency is violating federal regulations by hiring interns at the GS-04 and GS-05 level.</u>

¶14 The appellant asserts for the first time on review that the agency is appointing interns at the GS-04 and GS-05 grade level regardless of the applicant's education. PFR File, Tab 1 at 4. She argues that this is a violation of the internship program and federal regulations. *Id.* The Board does not have jurisdiction over this claim.

¶15 It is a prohibited personnel practice for an agency to take or fail to take a personnel action in a manner that violates a law, rule, or regulation implementing or directly concerning the merit system principles at 5 U.S.C. § 2301. 5 U.S.C. § 2302(b)(12); *Brooks v. Office of Personnel Management*, 94 M.S.P.R. 297, ¶ 6 (2003). An appointment at an incorrect grade level is a personnel action under 5 U.S.C. § 2302(a)(2)(A)(i). *See Orr v. Department of Treasury*, 83 M.S.P.R. 117, ¶ 13 (1999), *aff'd*, 232 F.3d 912 (Fed. Cir. 2000) (Table). However, the Board does not have jurisdiction over an allegation of prohibited personnel practices alone. *McInturff v. Department of Labor*, 18 M.S.P.R. 630, 631, *aff'd*, 758 F.2d 664 (Fed. Cir. 1984) (Table).

## ORDER

For the reasons discussed above, we REMAND this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.