# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

NAHEEMAKIL L. PRYOR,
                 Appellant,

        v.

DEPARTMENT OF VETERANS
   AFFAIRS,
                 Agency.

DOCKET NUMBER
AT-3443-14-0899-I-1

DATE: January 29, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Naheemakil L. Pryor</u>, Columbia, South Carolina, pro se.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1       The appellant has filed a petition for review of the initial decision, which dismissed the appeal of his position classification for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The agency hired the appellant for the position of GS-3 File Clerk. *See* Initial Appeal File (IAF), Tab 1 at 9-13. The appellant, who had previously worked in the same position for unpaid work experience in the Vocational Rehabilitation Program, disputed the grade rating because his supervisor had recommended a GS-5 rating for the position description. *See id*. at 17. The appellant sought internal review and reclassification, maintaining that the position should carry a GS-5 rating. *Id*. at 17-28. The Human Resources Specialist who classified the position informed the appellant that the duties and responsibilities described in the position description supported classification as a GS-3 but not as a GS-5 and that a grade recommendation by a supervisor constitutes a mere recommendation. *Id*. at 21. The Human Resources Specialist notified the appellant of the formal classification appeal procedure, including a direct appeal to the Office of Personnel Management (OPM). *Id*.

¶3 The appellant filed an appeal with the Board, alleging that the agency had given him "the incorrect GS rating upon being hired." *Id*. at 2-4. The administrative judge ordered the appellant to file evidence and argument that the

Board has jurisdiction to review the action being appealed. IAF, Tab 2 at 2. The appellant filed an untimely response that the administrative judge did not consider in her analysis of the appeal. IAF, Tab 3, Tab 4, Initial Decision (ID) at 2 n.\*. In an initial decision issued on the written record, the administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant sought to appeal the classification of his position and that well-settled precedent holds that the Board lacks jurisdiction to review such classifications. ID at 1-2. On review, the appellant has made no argument but instead has refiled "all of the documents submitted initially" in his appeal. Petition for Review (PFR) File, Tab 1.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4      The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The Board has not been granted jurisdiction over cases concerning the proper classification of a position, either by statute or regulation. *Saunders v. Merit Systems Protection Board*, 757 F.2d 1288, 1290 (Fed. Cir. 1985). The appellant bears the burden of proof of establishing Board jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2)(i). An appellant is entitled to a hearing if he raises a nonfrivolous allegation of Board jurisdiction over his appeal. *See Edwards v. Department of the Air Force*, 120 M.S.P.R. 307, ¶ 6 (2013).

¶5      The administrative judge correctly held that the appellant failed to make a nonfrivolous allegation of Board jurisdiction. While the appellant indicated on his appeal form that he was appealing a "reduction in grade, pay, or band," his written statements and evidence submitted indicate that he is contesting the classification of the position he accepted and occupies. IAF, Tab 1 at 3-4, 9-28. Although given notice of the jurisdictional issue by the administrative judge, the appellant has failed to make any specific allegation of Board jurisdiction over his appeal of the position classification. *See* IAF, Tab 2 at 2, Tab 3; PFR File, Tab 1.

The appellant's untimely response made only a blanket assertion of Board jurisdiction under 5 U.S.C. § 2301, without any pertinent argument or evidence. IAF, Tab 3 at 2-7. An allegation of a violation of the merit systems principles under 5 U.S.C. § 2301 is not an independent source of Board jurisdiction. *D'Leo v. Department of the Navy*, 53 M.S.P.R. 44, 48 (1992).

¶6      While the record indicates that the agency's Human Resources Specialist notified the appellant of the formal classification appeal procedure, there is no evidence that the appellant pursued an appeal with OPM directly or through the agency procedure. IAF, Tab 1 at 21; *see Pierce v. Merit Systems Protection Board*, 242 F.3d 1373, 1376 (Fed. Cir. 2001) (an appellant seeking to contest classification should have sought relief from OPM). Thus, we conclude that the appellant has failed to adequately allege any appeal rights before the Board and has not shown error in the administrative judge's finding that the Board lacks jurisdiction over the present appeal.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.