**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

MARIUM UDDIN,
      Appellant,

      v.

DEPARTMENT OF JUSTICE,
      Agency.

DOCKET NUMBER
DA-0752-23-0266-I-1

DATE: June 25, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Rebecca Fisher</u>, Esquire, San Antonio, Texas, for the appellant.

<u>Karey Hart</u>, Esquire, Falls Church, Virginia, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction, finding that the agency's termination of her time-limited appointment on the appointment's expiration date is not an appealable action. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 The administrative judge found that, effective April 14, 2019, the agency appointed the appellant as an Immigration Judge in the excepted service for a period not to exceed April 13, 2021. Initial Appeal File (IAF), Tab 29, Initial Decision (ID) at 2-5. The administrative judge further found that the appellant's appointment terminated upon its expiration date, April 13, 2021, and, consequently, the separation from service was not an appealable action per 5 C.F.R. § 752.401(b)(11). *Id.* She also found that the appellant's claims of discrimination or prohibited personnel practices were not an independent source of jurisdiction. ID at 5. The administrative judge concluded that the appellant had not made a nonfrivolous allegation of jurisdiction and dismissed the appeal without a hearing. ID at 4-6 & n.*.

¶3 On petition for review, the appellant contests certain terminology the administrative judge used concerning her appointment, asserting that the appointment was neither a "term" nor "temporary" appointment. Petition for Review (PFR) File, Tab 1 at 4-5. She asserts that the appointment documentation

and context clearly indicated an expectation that her employment would continue beyond 24 months. *Id.* at 7-8. She argues that the agency failed to take the necessary steps prior to 4:00 p.m. on April 13, 2021, to effect her separation. *Id.* at 6, 8. She argues that she is entitled to a hearing. *Id.* at 8. The agency has filed a substantive opposition to which the appellant has replied. PFR File, Tabs 4, 6.

¶4 We agree with the administrative judge that the appellant has not made a nonfrivolous allegation that she was subject to an appealable adverse action under chapter 75 of title 5 of the U.S. Code because she was terminated pursuant to the expiration of a time-limited appointment. ID at 4-5; IAF, Tab 7 at 16, Tab 9 at 35-39, Tab 24 at 7, Tab 26 at 4-5; *see* 5 C.F.R. § 752.401(b)(11). The appellant has given no reasons to disturb the administrative judge's analysis on that issue.

¶5 The appellant's arguments about the terminology the administrative judge used when labelling her time-limited appointment are immaterial to the outcome of the case. PFR File, Tab 1 at 4-5. The material issue is whether the agency terminated her "appointment on the expiration date specified as a basic condition of employment at the time the appointment was made." *See* 5 C.F.R. § 752.401(b)(11). We agree with the administrative judge's findings that that is what occurred here, the appellant has not made a nonfrivolous allegation to the contrary, and therefore the appellant was not subjected to an appealable action under 5 U.S.C. chapter 75. ID at 2-6.

¶6 Furthermore, the fact that the appellant may have satisfied the definition of an "employee" under 5 U.S.C. § 7511(a)(1)(C) and/or had completed an asserted probationary or trial period prior to her termination is immaterial to the outcome of the case. PFR File, Tab 1 at 5-8. Rather, when an appointment is subject to a definite expiration date, the termination of the appointment on that date is not an adverse action appealable to the Board. *Leonard v. Department of the Army*, 78 M.S.P.R. 492, 494 (1998); 5 C.F.R. § 752.401(b)(11). Her appointment had simply lapsed in accordance with the terms of the appointment. *See Berger v.*

*Department of Commerce*, 3 M.S.P.R. 198, 199-200 (1980). Because this case does not turn on whether the appellant is an "employee" under 5 U.S.C. § 7511, we find that the appellant's reliance on *Berryman v. Department of Veterans Affairs*, 115 M.S.P.R. 558 (2010), is misplaced. PFR File, Tab 1 at 6-7. In *Berryman*, the agency terminated the appellant because she did not meet the regulatory requirements of her appointment. 115 M.S.P.R. 558, ¶ 2. Here, in contrast, the appellant was terminated upon the expiration of her time-limited appointment, which is not an appealable action.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>.** This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:        _____
                      Gina K. Grippando
                      Clerk of the Board

Washington, D.C.